# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| M. SCOTT METSKER and<br>VICTORIA R. METSKER,<br>*Plaintiffs*, | §<br>§<br>§<br>§ | |
| vs. | § | Case No. 4:15-cv-00286-FJG |
| | § | |
| DANIEL R. CAHOON and<br>NICHOLE H. CAHOON, and<br>GRAEBEL RELOCATION SERVICES<br>WORLDWIDE, INC.<br>*Defendants*. | §<br>§<br>§<br>§<br>§ | <u>Oral Argument Requested</u> |

## DEFENDANT GRAEBEL RELOCATION SERVICES
## WORLDWIDE, INC.'s REPLY BRIEF IN SUPPORT
## OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant Graebel Relocation Services Worldwide, Inc. ("Defendant" or "GRSW") files this reply brief in support of its Motion for Summary Judgment.

### GRSW's Response to Plaintiffs' Statement of Additional Material Facts

### A. Plaintiff's "Statement of Additional Material Facts" is improper under Local Rule 56.1

In Plaintiffs' suggestions in opposition, after admitting virtually all of GRSW's material undisputed facts, Plaintiffs then interject an additional 74 paragraphs of purported "additional material facts" (ECF Doc. #65, pp. 4-13, ¶¶1-74), for which there is no proper basis under L.R. 56.1. Accordingly, they should be disregarded, or alternatively, stricken.

Local Rule 56.1 explicitly states the requirements with respect to the proper method available to a non-movant to state material facts in suggestion in opposition to a motion for summary judgment. They are as follows:

1

> Suggestions in opposition to a motion for summary judgment shall begin with a section that contains a concise listing of material facts as to which the party contends a genuine issue exists. Each fact in dispute shall be set forth in a separate paragraph, shall refer specifically to those portions of the record upon which the opposing party relies, and, if applicable, shall state the paragraph number in movant's listing of facts that is disputed. All facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party.

This rule does not contemplate or allow the non-moving party to produce additional statements of fact. The non-movant is limited to only those material facts the non-moving party contends creates a genuine issue, and when applicable, state the paragraph in the moving party's statement of facts that is disputed. *Id.*

Here, it appears that Plaintiff's Statement of Additional Material Facts are not facts Plaintiffs claim are in dispute, but rather, facts which Plaintiffs contend are uncontroverted. Additionally, the additional statements of fact are not keyed to the paragraph numbers in GRSW's statement of facts that Plaintiffs claim are in dispute. In fact, Plaintiffs admit all but one of GRSW's statements of uncontroverted facts. (ECF No. 65, p. 1-2, ¶¶1-28).

Because it is improper and fails to comply with Local Rule 56.1, GRSW respectfully requests that this Court disregard Plaintiff's Statement of Additional Material Facts.

### B. GRSW's Further Response to Plaintiffs' "Statement of Additional Material Facts"

If, arguendo, the Court is unwilling to disregard Plaintiffs' "Statement of Additional Facts", GRSW responds to that Statement as follows:

2

Case 4:15-cv-00286-FJG   Document 69   Filed 05/26/16   Page 2 of 18

1. Paragraph 1 is admitted, but immaterial.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted, but incomplete. The Disclosure, which is Plaintiffs' Exhibit A, is replete with further references to the 2008 fire. For example, lines, 52-53, 100-101, 104-108, 146-164, 240-266.

4. Paragraph 4 is admitted, but incomplete. The disclosure referenced as Plaintiff's Exhibit B is replete with references to a house fire from 2008. (ECF No. 65-2, Pls.' Ex. B, Section 4.D, p. 5; Section 4.E, p. 5; Section 8.B, p. 9; Section 9.G, p. 10).

5. Paragraph 5 is admitted.

6. Paragraph 6 is denied, but immaterial. Line 266 of Plaintiffs' Exhibit A references line 108 of the same exhibit where details are provided about the 2008 fire. (ECF No. 65-1, pp. 4, 6).

7. Paragraph 7 is admitted.

8. Paragraph 8 is denied, but immaterial. Section 9, paragraph G of the disclosure form at issue indicates "If yes, explain" with a space provided. The space contains the following phrase "Small electrical fire in 2008. No structural damage. Smoke and water." The instruction indicating that a separate sheet of paper must be attached are for Section 9, paragraph W only. (ECF No. 65-2, Pls.' Ex. B, p. 10-11, Section 9.G, 9.W).

9. Paragraph 9 is admitted only to the extent that the referenced exhibit contains the quoted language. The remaining averments in Paragraph 9 are not supported with the

strictly required general reference to the exhibit, and therefore, not properly cited. Fed. R. Civ. P. 56 and L.R. 56.1.

10. Paragraph 10 is admitted, but immaterial. The exhibit contains the quoted language, but this fact is not correctly cited. Fed. R. Civ. P. 56 and L.R. 56.1. (ECF No. 65-6).

11. Paragraph 11 is admitted to the extent that it summarizes an excerpt of Woodard's deposition testimony with respect to commission. GRSW denies this is a material fact.

12. Paragraph 12 is denied, but immaterial. The cited deposition testimony does not support the written contention by Plaintiff. (ECF No. 65-7, Woodard Dep., 27:6-23).

13. Paragraph 13 is admitted to the extent that it summarizes an excerpt of Woodward's deposition testimony with respect to reviewing the disclosure. GRSW denies this is a material fact.

14. Paragraph 14 is admitted to the extent that it summarizes an excerpt of Woodward's deposition testimony. GRSW denies this is a material fact.

15. Paragraph 15 is admitted to the extent that it summarizes an excerpt from Woodard's deposition testimony. However, any reference as to what Chris Hall may or may not have requested or done is improper because Woodward can only testify to what Woodward did. (ECF No. 65-7, Woodward Dep., 30; 3-9). Such allegations are therefore denied.

16. Paragraph 16 is admitted only to the extent that Woodard did not ask Hall about the cost of the repairs from the fire. The remaining allegations are denied because they

4

are not properly supported with citation to the record because the cited portion of the record is not attached. Therefore, Plaintiffs violated Fed. R. Civ. P. 56 and L.R. 56.1.

17. Paragraph 17 is denied, but immaterial. The list provided to Hall as listed in the email does not evince direct control over <u>every</u> facet of the sale. Rather, the list provides certain guidelines and timelines. (ECF No. 65-8, p. 2).

18. Paragraph 18 is admitted, but immaterial.

19. Paragraph 19 is admitted, but immaterial.

20. Paragraph 20 is admitted, but immaterial.

21. Paragraph 21 is admitted, but immaterial.

22. Paragraph 22 is admitted to the extent that the quoted language is found in the cited excerpt of the deposition transcript.

23. Paragraph 23 is admitted, but immaterial.

24. Paragraph 24 is admitted to the extent that the quoted language is found in the cited excerpt of the deposition transcript.

25. Paragraph 25 is denied, but immaterial. The deposition transcript Plaintiff attached does not contain the cited portions Plaintiff refers to in Paragraph 25.

26. Paragraph 26 is denied, but immaterial. The cited deposition testimony indicates only that a seller's agent does not have direct, unrepresented contract with buyers when the buyers are represented by an agent. (ECF No. 65-9, Hall Dep., 31:8-32:5).

27. Paragraph 27 is admitted, but immaterial.

28. Paragraph 28 is admitted only to the extent that Hall did testify that the word "fire" is one of the two most inflammatory words and that such word would "put you in Defcon 5." (ECF No. 65-9, Hall Dep., 42:12-20. Paragraph 28 is denied with respect to Hall's mental impressions because such evidence is not supported by the record presented by Plaintiff.

29. Paragraph 29 is denied, but immaterial. Plaintiffs incorrectly summarize Hall's testimony, the reference Plaintiff makes to page 44 of the deposition transcript is not attached, and the quoted language is not found in the cited provisions of the transcript. It is admitted that Hall did claim a house where a fire occurred will carry with it a certain stigma. (ECF No. 65-9, Hall Dep., 137:5-8).

30. Paragraph 30 is denied, but immaterial. The referenced provision of the deposition transcript of Hall is not attached in violation of Fed. R. Civ. P. 56 and L.R. 56.1.

31. Paragraph 31 is admitted only to the extent that Hall testified that her relationship to Graebel was to fiduciarily protect them. (ECF No. 65-9, Hall Dep., 50:17-20). The remaining statements in Paragraph 31 are denied because they are not supported with the record. Plaintiff has not attached page 51 of the deposition transcript as an exhibit in violation of Fed. R. Civ. P. 56.1 and L.R. 56.1.

32. Paragraph 32 is admitted, albeit page 71 of Hall's deposition transcript is referenced but not attached.

33. Paragraph 33 is denied, but immaterial. Hall's testimony was that there was no discussion of the cost of renovation after the fire that <u>she could remember</u>. (ECF

6

Case 4:15-cv-00286-FJG   Document 69   Filed 05/26/16   Page 6 of 18

No. 65-9, Hall Dep., 178:6-25). The testimony does not indicate that the cost was never discussed. *Id.*

34. Paragraph 34 is denied, but immaterial. The cited deposition testimony is incomplete because page 193 from Hall's deposition transcript is not attached in violation of Fed. R. Civ. P. 56.1 and L.R. 56.1.

35. Paragraph 35 is admitted, but immaterial.

36. Paragraph 36 is admitted to the extent that the quoted phrase summarized an excerpt from the deposition testimony.

37. Paragraph 37 is admitted, but immaterial.

38. Paragraph 38 is denied, but immaterial. The cited testimony is that there is a duty to disclose material defects where there is actual knowledge of such defects. (ECF No. 65-9, Hall Dep., 207:1-15).

39. Paragraph 39 is admitted, but immaterial.

40. Paragraph 40 is admitted, but immaterial.

41. Paragraph 41 is admitted, albeit page 232 of the deposition transcript cited by Plaintiff is not attached.

42. Paragraph 42 is admitted with respect to what Counti believed.

43. Paragraph 43 is admitted, but immaterial.

44. Paragraph 44 is admitted with respect to the summary of Counti's testimony.

45. Paragraph 45 is admitted with respect to the summary of Counti's testimony.

7

46. Paragraph 46 is denied, but immaterial. The cited deposition testimony indicates that it is merely Counti's belief that Hall violated her ethical duties and disclosures. (ECF No. 65-10, 26:16-19).

47. Paragraph 47 is admitted with respect to the summary of Counti's testimony.

48. Paragraph 48 is denied, but immaterial. The cited testimony indicates that Counti would have attached the scope or work and permits to the disclosure. (ECF No. 65-10, Counti Dep., 43:5-10).

49. Paragraph 49 is admitted with respect to the summary of Counti's testimony.

50. Paragraph 50 is admitted with respect to the summary of Counti's testimony.

51. Paragraph 51 is denied, but immaterial. The cited testimony discusses generally the State of Missouri disclosure requirements. The cited testimony does not support Plaintiff's contention that the specific seller in this case failed to disclose a specific item. (ECF No. 65-10, Counti Dep., 60:19-23).

52. Paragraph 52 is admitted with respect to the summary of Counti's testimony.

53. Paragraph 53 is admitted with respect to the summary of Counti's testimony.

54. Paragraph 54 is admitted with respect to the summary of Counti's testimony.

55. Paragraph 55 is admitted with respect to the summary of Counti's testimony.

56. Paragraph 56 is denied, but immaterial. The testimony indicates that Counti does not recall Hall using the words "restore" or restoration. However, the testimony does not suggest that those words were never used, only that Counti cannot recall whether they were or not. (ECF No. 65-10 Counti Dep., 206:6-16).

57. Paragraph 57 is admitted, but immaterial.

58. Paragraph 58 is admitted, but immaterial.

59. Paragraph 59 is denied, but immaterial. The number provided by Daniel with respect to the total insurance claim was an estimate. (ECF No. 65-11, Cahoon Dep., 20:18-25).

60. Paragraph 60 is admitted, but immaterial.

61. Paragraph 61 is admitted, but immaterial.

62. Paragraph 62 is admitted, but immaterial

63. Paragraph 63 is denied, but immaterial. The testimony indicates only that nobody from Graebel ever asked Daniel for the listed information. (ECF No. 65-11, Cahoon Dep., 40:12-25).

64. Paragraph 64 is admitted, but immaterial.

65. Paragraph 65 is denied, but immaterial. The cited record is incomplete because Plaintiff references a portion of the deposition testimony that is not attached as part of the exhibit.

66. Paragraph 66 is admitted, but immaterial.

67. Paragraph 67 is admitted, but immaterial.

68. Paragraph 68 is admitted, but immaterial.

69. Paragraph 69 is admitted, but immaterial.

70. Paragraph 70 is admitted, but immaterial.

71. Paragraph 71 is admitted, but immaterial.

72. Paragraph 72 is admitted, but immaterial.

73. Paragraph 73 is admitted only to the extent that Pottinger testified that his company sought an additional $16,693.52. The cited record does not support a proposition that Pottinger does not recall how much more money his company was paid. (ECF No. 65-12, 97:15-17).

74. Paragraph 74 is admitted with respect to the summary of Pottinger's testimony.

## ARGUMENT

**I.　Plaintiffs have admitted virtually the entirety of GRSW's statement of uncontroverted material facts, and the cases cited by Plaintiffs in their opposition brief have no application to this case. Summary judgment <u>should be granted in GRSW's favor.</u>**

**A. GRSW's material facts have been admitted.**

Local Rule 56.1(a) provides that "[a]ll facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party." L.R. 56(c)(1) provides that:

> A party asserting that a fact… is genuinely disputed must support the assertion by:
>
> (A)　citing to particular facts in the record . . . including affidavits . . . or other materials; or
>
> (B)　showing that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Plaintiffs have admitted 27 of the 28 material facts contained in GRSW's Statement of Uncontroverted Material Facts; and as to the one remaining fact, they make only a partial denial, to fact #11, asserting that Scott Metsker had 15 days (not 45) to inspect the subject

10

property[1]. Accordingly, GRSW respectfully requests that the Court, pursuant to Rule 56(e), consider all admitted facts in GRSW's Statement of Material Facts to be uncontroverted and grant summary judgment in its favor.

### B. The cases cited in Plaintiff's opposition brief do not support their position that summary judgment should be denied.

In their Suggestions in Opposition to GRSW's Motion for Summary Judgment, Plaintiffs rely primarily on two cases, neither of which provides any support for their position.

Plaintiffs' argument that the Court of Appeals' decision in *White v. Bowman,* 304 S.W.3d 141 (Mo. App. S.D. 2009)[2] stands for the proposition that a trial court improperly dismissed a relocation company named RPM from a buyer's misrepresentation claim blatantly misconstrues the holding in that case. The appellate court never considered the issue of whether the plaintiff had a claim against the relocation company, because that company had been dismissed from the case by the trial court, and plaintiff White dropped his appeal against the company. As the Southern District opinion makes abundantly clear:

(1) The relocation company in the *White* case successfully filed a Motion to Dismiss at the trial court. *Id.* at 146-47.

(2) After White had filed his notice of appeal against multiple parties including RPM, he then <u>dismissed</u> his appeal as to RPM. *Id.* at 145.

---

[1] This distinction is not material.
[2] Plaintiffs' cite this case only as "SD 29632 (Mo. App. 2009)". The correct official case citation appears above.

(3) Thus, the Court summarized the appeal before it and its ruling as follows:

> William B. White (plaintiff) appeals the judgment …dismissing his claims against defendants Douglas R. Eckhoff and Sandy L. Eckhoff (Eckhoffs) and granting summary judgment in favor of defendant Doris Bowman (Bowman). We affirm the summary judgment for Bowman. We reverse the dismissal as to Eckhoffs and remand to the trial court for further proceedings.
> (*Id.* at 143).

Accordingly, *White v. Bowman* is a case in which the trial court granted the relocation company's motion to dismiss; the plaintiff dismissed his appeal against the relocation company; and the Court of Appeals ruled solely on the plaintiff's claims against other defendants.

Plaintiffs' assertion that the Supreme Court decision in *Alack v. Vic Tanny Int'l.,* 923 S.W.2d 330 (Mo. banc 1996) prevents the granting of summary judgment to GRSW is likewise misplaced. Fundamentally, the *Alack* decision speaks to an entirely different concern than what is at issue here. The Court in *Alack* held only that the release of a contracting party from <u>future</u> negligent acts requires a heightened standard of disclosure. Specifically, the Court ruled that "We hold that the exculpatory clause was ambiguous and that defendant health club did not insulate itself from liability for *future negligence* because the exculpatory clause did not use the word 'negligence' or 'fault' or their equivalents so that a clear and unmistakable waiver occurred." (Emphasis added.) 923 S.W.2d at 332. Thus, where a Vic Tanny gymnasium customer entered into a retail installment membership contract with Vic Tanny that purported to preclude negligence claims, and later on that customer was seriously injured after Vic Tanny failed to properly maintain a rowing machine whose handle disengaged, the disclaimer was held not to bar that customer's claims, because

12

the contract had not clearly and explicitly disclaimed liability for *future* negligent acts. 923 S.W.2d at 332-33, 337.

In this case, plaintiffs allege not acts of future negligence by GRSW, but that when they entered into its agreements with GRSW, GRSW negligently failed to disclose relevant information about the property. No future acts of negligence are at issue here; this is a claim that negligent misrepresentations by GRSW at the time of sale tainted the Metskers' purchase decision. There is no allegation of subsequent negligent acts by GRSW.

Accordingly, the heightened disclosure requirements that apply in cases like *Alack* and *Big Lake,* which concern releases for acts of negligence that may occur at some future date, have no application here. Plaintiffs cite no case law, because none exists, which would extend the holding of *Alack* beyond the realm of future negligent acts, and the well-established rules applying to the validity of contracts for the purchase of real estate, releases, and covenants not to sue, control Plaintiffs' claims against GRSW.

Moreover, there are several other provisions of the agreements signed by Plaintiffs that are simply not affected by the *Alack* holding. As Plaintiffs have now admitted in their Suggestions in Opposition to this Motion (doc. 65, at pp. 1-2), and as described in more detail in GRSW's suggestions in support of its summary judgment motion, the agreement between plaintiffs and GRSW contains a variety of provisions specifically informing the Metskers (and obtaining their acknowledgment) that because GRSW's only role in this transaction was as a provider of relocation services, any and all information the Metskers should rely on in connection with their home purchase should come not from GRSW but

13

from their own examinations, inspections, and tests. The Agreement between the Metskers and GRSW could hardly have been more clear, unambiguous, unmistakable, and conspicuous in its terms, and provided, in brief summary:

- Scott Metsker acknowledged that he would not waive his right to have inspections done on the entire home, and did in fact have the property professionally inspected. (GRSW Suggestions in Support of Motion, SOF 20; Rider to Buyer Offer, Exhibit A.)
- Metsker expressly acknowledged that Graebel is a relocation services provider that purchased the property solely for the purpose of resale, never lived there and therefore had no actual knowledge of the condition of the property except those in the disclosures made by the sellers (Cahoons). Rider to Buyer Offer Exh. B at ¶3.
- In a provision titled "General Disclaimer of Representations and Warranties", Plaintiff acknowledged and agreed to Graebel's disclaimer of warranties on the property. *Id.* at ¶4. And in a provision titled "No Express or Implied Representations or Warranties", Metsker further acknowledged that Graebel was making no representation or warranty, express or implied, or arising by operation of law, relating to the property." *Id.* at ¶5.

14

- The agreement further conspicuously provides that "Buyer is purchasing the property on an 'as is, where is' and 'with all faults' basis, and not on any information provided, or to be provided, by Graebel[3]. *Id.* at ¶8.
- Plaintiff also acknowledged that Graebel could not be held accountable for statements pertaining to the property furnished by any real estate broker, agent, employee, or any other person, which plainly includes the Cahoons and their agents. *Id.* at ¶11.
- Plaintiff further acknowledged that any disclosure documents furnished by Graebel about the property were being furnished for informational purposes only; that he was not entitled to reply upon them; and that he was making his purchase decision based solely on the his own examination, inspections and tests of the property.

In addition to the above disclosures and acknowledgments, Plaintiffs have also now admitted in their Suggestions (ECF 65 at pp. 1-2) that their agreement with GRSW contained explicit waiver and release language, and a covenant not to sue, which are not governed by the *Alack* line of cases. Those provision clearly, unambiguously, unmistakably, and conspicuously provide that:

---

[3] *See Richards v. ABN AMRO Mortg. Group, Inc.,* 261 S.W.3d 603, 611 (Mo. App. W.D. 2008): "The language in the real estate contract placed the burden on him to investigate the Property without assistance from AMRO. Paragraph 11 is titled 'Property Purchased As Is' and goes on to expound that the seller is making no disclosures; the Current Condition Addendum states the Property is purchased 'AS IS, WHERE IS.' Mr. Richards had the right to have the real estate surveyed but, instead, relied on his own inspection of the real estate. Finally, Mr. Richards did not rely on AMRO to disclose; instead, he relied on his buyer's real estate agent to make disclosures about the Property."

15

- Buyer (Plaintiffs) has agreed to a release of all claims and causes of action "of any sort or type whatsoever, including claims based on any contract, tort, common law, or other law…", whether asserted by the Buyer or anyone else residing in or coming into contact with the property. Rider to Buyer Offer Exh. C.
- Plaintiffs further expressly covenanted not to sue GRSW in "any proceeding of any kind against any released party based upon any matter purported to be released hereby." *Id.*

The Missouri courts have recognized that the word "any", when used in a release, is an inherently unambiguous term. "The word 'any' when used with a class in a release is all-inclusive, it excludes nothing, and it is not ambiguous." *Holmes v. Multimedia KSDK, Inc.,* 395 S.W.3d 557, 560 (Mo. App. E.D. 2013)[4].

Where, as here, a purchaser in a real estate agreement has acknowledged that he "relies on no warranties, representations or statements" by the seller in connection with the purchase, and has been given the opportunity to thoroughly inspect the property, he cannot maintain an action for misrepresentation or fraud. *Ringstreet Northcrest, Inc. v. Bisanz,* 890 S.W.2d 713, 724-25 (Mo. App. W.D. 1995). And where a party has freely agreed to clear and unambiguous language waiving and releasing his claims, and covenanting not to sue the

---

[4] For the reasons discussed above, the *Alack* case, which concerns only the application of exculpatory clauses to *future* negligence, has no application to this case. But even if it did, the language of the agreement between the parties would be sufficient to satisfy the *Alack* standard, because the contract language was clear, unambiguous, unmistakable, and conspicuous in its terms, and used language including or equivalent to the words "negligence" or "fault", when: (1) it released plaintiffs' claims "of any sort or type whatsoever, including claims based on any … tort", relating to the property; (2) contained a covenant not to sue in "any proceeding of any kind against any released party"; and (3) it contained Plaintiff's acknowledgment that the property was being purchased on an "as is, where is, and with all faults".

16

seller, those exculpatory provisions are enforceable. *Caballero v. Stafford,* 202 S.W.3d 683, 694 (Mo. App. S.D. 2006) *Alack* does not govern any of the provisions discussed above.

Plaintiffs have admitted that they are parties to the contract language cited above, and there are no material facts genuinely at issue in this case, because the matter for the Court to resolve concerns "opinions over the legal effect of documents determinative of legal rights". *Kinney v. Schneider Natl. Carriers, Inc.,* 213 S.W.3d 179, 183 (Mo. App. W.D. 2007). Plaintiffs have waived, released, and covenanted not to sue on their claim that GRSW negligently misrepresented facts to them at the time of sale, and GRSW is entitled to judgment as a matter of law.

Respectfully submitted,

/s/ John A. Watt
John W. Cowden            MO #21447
David M. Eisenberg          MO #54767
John A. Watt               MO #52516
Baker Sterchi Cowden & Rice LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108-2533
Telephone: (816) 471-2121
Facsimile: (816) 472-0288
cowden@bscr-law.com
eisenberg@bscr-law.com
watt@bscr-law.com
**Attorneys for Defendant**
**Graebel Relocation Services Worldwide, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2016, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will serve all counsel of record.

/s/ John A. Watt
Attorney for Defendant
Graebel Relocation Services Worldwide, Inc.
