## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| M. SCOTT METZKER and ) | |
| VICTORIA R. METZKER, ) | |
|     Plaintiffs, ) | |
| ) | **Case No. 4:15-CV-00286-FJG** |
| vs. ) | |
| ) | |
| DANIEL R. CAHOON and ) | |
| NICHOLE H. CAHOON, and ) | |
| GRAEBEL RELOCATION SERVICES ) | |
| WORLDWIDE, INC. ) | |
|     Defendants. ) | |

### DEFENDANTS DANIEL AND NICOLE CAHOONS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

**COME NOW** Defendants Daniel and Nicole Cahoon ("Defendants"), pursuant to Western District Local Rule 56.1(c), and for their Reply in Support of their Motion for Summary Judgment, state as follows:

### I. INTRODUCTION

The Suggestions in Opposition to Defendants' Motion for Summary Judgment filed by Plaintiffs M. Scott Metsker and Victoria R. Metsker ("Plaintiffs") either admit all facts in Defendants' Statement of Uncontroverted Material Facts or respond in such a way that said facts must be deemed admitted under Federal Rule of Civil Procedure 56 ("Rule 56") and Western District Local Rule 56.1 ("Local Rule 56.1"). Plaintiffs purport to submit additional material facts in their Suggestions in Opposition, but many of the listed facts are not material to Defendants' Summary Judgment Motion and all of them are not "facts as to which the party contends a genuine issue exists" as required by Local Rule 56.1(a). As for their argument against summary judgment, Plaintiffs appeal to the Court for an opportunity to present

"compelling evidence of Cahoons' misrepresentation . . . at trial" (Suggestions in Opposition, p. 25) rather than demonstrating the existence of a genuine dispute as to material facts asserted by Defendants as required by Rule 56 to defeat summary judgment. Because Plaintiffs have failed to successfully controvert any material fact asserted by Defendants, and have failed to refute that Defendants are entitled to judgment as a matter of law, summary judgment in favor of Defendants should be granted.

## II.  RESPONSE TO PLAINTIFFS' STATEMENT
## OF ADDITIONAL MATERIAL FACTS

Plaintiffs' Statement of Additional Material Facts does not comply with Local Rule 56.1, which provides in pertinent part as follows:

> Suggestions in opposition to a motion for summary judgment shall begin with a section that contains a concise listing of material facts as to which the party contends a genuine issue exists. Each fact in dispute shall be set forth in a separate paragraph, shall refer specifically to those portions of the record upon which the opposing party relies, and, if applicable, shall state the paragraph number in movants listing of facts that is disputed. All facts set forth in the statement of movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party (emphasis added).

Under Rule 56.1(a), the court shall grant summary judgment if the movant, Defendants here, shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  Plaintiffs appear to be asserting facts which they contend are uncontroverted, not facts as to which a genuine issue exists.  The appropriate place for Plaintiffs to have asserted uncontroverted material facts would have been in their own motion for summary judgment, but they chose not to file one.  Plaintiffs make no attempt to controvert Defendants' Uncontroverted Material Facts by referencing them in their Additional Material Facts, as

Case 4:15-cv-00286-FJG   Document 70   Filed 05/26/16   Page 2 of 23

contemplated by Local Rule 56.1(a) ("all facts set forth in statement of the movant shall be deemed admitted . . . unless specifically controverted by the opposing party").

Plaintiffs argue in their Suggestions in Opposition that they are in possession of "compelling evidence of Cahoon's misrepresentations" which they should be allowed to "prove at trial" (see Plaintiffs' Suggestions in Opposition, p. 25). However, in order to defeat Defendants' Motion for Summary Judgment, it is incumbent upon Plaintiffs to present their "compelling evidence" to the Court now, in compliance with Rule 56(c) and Local Rule 56.1(a). This they have failed to do. The only plausible explanation is that they lack such "compelling evidence," an explanation supported by their admission (or deemed admission) of all of Defendants' uncontroverted material facts (see at Section III. B discussion below).

Given Plaintiffs' failure to comply with Local Rule 56.1(a) in their listing of facts, Defendants respectfully suggest that it would be appropriate for the Court to ignore Plaintiffs' Statement of Additional Material Facts when considering Defendants' Motion for Summary Judgment. However, Defendants respond to Plaintiffs' facts as follows:

1.      Plaintiffs' Fact No. 1 is not material to Defendants' Motion for Summary Judgment, but Defendants deny Fact No. 1. Only Scott Metsker signed the documents (electronically).  Defendants did not sign because the offer was not accepted. See Plaintiffs' Exhibit C.

2.      Plaintiffs' Fact No. 2 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 2.

3.      Defendants deny Fact No. 3.   The Missouri Disclosure, which is Plaintiffs' Exhibit A, is replete with references to the 2008 fire, including the following references at the line numbers indicated (line numbers in left margin of disclosure):  lines 52 and 53 (roof repairs

3

after fire); lines 100 and 101 (master bath renovation after fire); lines 104-108 (material alterations to Property after fire); lines 146-164 (HVAC upgrades after fire); lines 240-266 (other matters related to fire, including insurance claim). Plaintiffs were also provided a second disclosure which is Plaintiffs' Exhibit B. That disclosure is also replete with references to the 2008 fire.

4.     Defendants deny Plaintiffs' Fact No. 4. The other disclosure provided, which is Plaintiffs' Exhibit B, is also replete with references to the 2008 fire, including the following: Section 4.D (partial roof replacement after fire); Section 4.E (remodeling after fire); Section 5.O (new furnaces, A/C after fire); Section 7 (new appliances after fire); Section 8.B; Section 9.G (material change to property from fire); Section 9.V (7).

5.     Defendants deny Plaintiffs' Fact No. 5. The reference to "See Line 108" is in the Disclosure at Plaintiffs' Exhibit A, not the Disclosure at Plaintiff's Exhibit B.

6.     Defendants deny Plaintiffs' Fact No. 6. Line 266 of the disclosure, which is Plaintiffs' Exhibit A, references line 108 of said disclosure, where details are provided about the 2008 fire.

7.     Plaintiffs' Fact No. 7 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Plaintiffs' Fact No. 7.

8.     Defendants deny Plaintiffs' Fact No. 8. Section 9.G of the disclosure, which is Plaintiffs' Exhibit B, directs sellers who check the "yes" box regarding fire damage "to explain", which Defendants did by writing "Small electrical fire in 2008. No structural damage. Smoke and water." The instruction "explain on an attached sheet" referenced by Plaintiffs applies to Section 9.W only, not Section 9.G, so Defendants' alleged failure to attach additional material cannot constitute a failure to disclose.

9. Defendants deny Plaintiffs' Fact No. 9. Section 3.N of the disclosure, which is Plaintiffs' Exhibit B, asks about insurance claims in the last 4 years. The fire occurred in 2008, more than 4 years before the date of the disclosure. Accordingly, Defendants' explanation about that insurance claim ("roof damage") was true and accurate. In the other disclosure, which is Plaintiffs' Exhibit A, Defendants disclosed the insurance claim for the fire damage when asked about insurance claims in the last 5 years (see lines 260-266).

10. Defendants admit Plaintiffs' Fact No. 10.

11. Plaintiffs' Fact No. 11 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 11.

12. Defendants deny Plaintiffs' Fact No. 12. See response to Fact No. 8.

13. Plaintiffs' Fact No. 13 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 13.

14. Plaintiffs' Fact No. 14 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 14.

15. Plaintiffs' Fact No. 15 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 15.

16. Plaintiffs' Fact No. 16 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 16.

17. Plaintiffs' Fact No. 17 is not material to Defendants' Motion for Summary Judgment, but Defendants deny Fact No. 17. Based on the deposition testimony cited by Plaintiffs in support of their Fact No. 17, it is not possible for witness Woodward to know whether or not seller's agent Hall requested documentation regarding the work that had been done due to the fire.

18.     Plaintiffs' Fact No. 18 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 18.

19.     Plaintiffs' Fact No. 19 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 19.

20.     Plaintiffs' Fact No. 20 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Plaintiffs' Fact No. 20.

21.     Plaintiffs' Fact No. 21 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 21.

22.     Plaintiffs' Fact No. 22 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 22.

23.     Plaintiffs' Fact No. 23 is not material to Defendants' Motion for Summary Judgment, but Defendants deny Fact No. 23. The asserted fact mischaracterizes the cited testimony, which indicates that Mr. Holland was not suggesting that Graebel should disclose the fire.

24.     Defendants deny Plaintiffs' Fact No. 24. The disclosure forms, which are Plaintiffs' Exhibits A and B, are replete with references to the extensive renovations made to the house after the 2008 fire (see Reponses to Fact Nos. 3 and 4).  In addition, in the cited testimony, witness Woodward was asked about anything in the disclosure form "that you read". Accordingly, it is not possible to assert that "there was nothing in either of the disclosure forms that indicate that the whole house was torn out and rebuilt".

25.     Plaintiffs' Fact No. 25 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 25.

26.     Plaintiffs' Fact No. 26 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact. No. 26.

27.     Plaintiffs' Fact No. 27 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 27.

28.     Plaintiffs' Fact No. 28 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 28.

29.     Plaintiffs' Fact No. 29 is not material to Defendants' Motion for Summary Judgment, but Defendants deny Fact No. 29.  The asserted fact goes beyond the witness' cited testimony to posit what she understood, which calls for speculation and would, accordingly, not be admissible in evidence (See Rule 56(c)(2)).

30.     Plaintiffs' Fact No. 30 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 30.

31.     Plaintiffs' Fact No. 31 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 31.

32.     Plaintiffs' Fact No. 32 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 32.

33.     Defendants admit Plaintiffs' Fact No. 33.

34.     Defendants deny Plaintiffs' Fact No. 34.  In the cited testimony, sellers agent Hall testified that "there was no discussion" that she remembers.  Therefore, the asserted fact that she "never asked the Cahoon's how much it cost to restore the house" is based on speculation that would not be admissible in evidence at trial (see Rule 56(c)(2)).

35.     Defendants deny Plaintiffs' Fact No. 35.  See Responses to Fact Nos. 8 and 12.

7

36.     Defendants deny Plaintiffs' Fact No. 36.  The asserted fact calls for a legal conclusion and would not be admissible in evidence at trial (see Rule 56(c)(2)).

37.     Defendants admit Plaintiffs' Fact No. 37.

38.     Defendants deny Plaintiffs' Fact No. 38. The asserted fact calls for a legal conclusion and would not be admissible in evidence at trial (see Rule 56(c)(2)).

39.     Defendants deny Plaintiffs' Fact No. 39. The asserted fact calls for a legal conclusion and would not be admissible in evidence at trial (see Rule 56(c)(2)).

40.     Plaintiffs' Fact No. 40 is not material to Defendants' Motion for Summary Judgement, but Defendants admit Fact No. 40.

41.     Defendants admit Plaintiffs' Fact No. 41.

42.     Plaintiffs' Fact No. 42 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact. No. 32

43.     Plaintiffs' Fact No. 43 is not material to Defendants' Motion for Summary Judgment, but Defendants deny Fact No. 43.  In the cited testimony, witness Counti speculates regarding what Defendant Graebel knew about the fire and, accordingly, the asserted fact would not be admissible in evidence at trial (see Rule 56(c )(2)).

44.     Plaintiffs' Fact No. 44 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Plaintiffs' Fact No. 44.

45.     Defendants deny Plaintiffs' Fact No. 45.  The cited testimony would not be admissible in evidence at trial for the following reasons: it asserts a legal conclusion and it constitutes an opinion of witness Cathy Counti, who was not disclosed as an expert witness (see Rule 56(c)(2)).

8

46.     Plaintiffs' Fact No. 46 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 46.

47.     Defendants deny Plaintiffs' Fact No. 47.  The asserted fact constitutes an opinion of witness Cathy Counti, who was not disclosed as an expert witness, and, accordingly would not be admissible in evidence at trial (see Rule 56(c)(2)).

48.     Defendants deny Plaintiffs' Fact No. 48.  The asserted fact constitutes an opinion of witness Cathy Counti, who was not disclosed as an expert witness, and, accordingly would not be admissible in evidence at trial (see Rule 56(c)(2)).

49.     Defendants deny Plaintiffs' Fact No. 49.  The asserted fact constitutes an opinion of witness Cathy Counti, who was not disclosed as an expert witness, and, accordingly would not be admissible in evidence at trial (see Rule 56(c)(2)).

50.     Plaintiffs' Fact No. 50 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 50.

51.     Plaintiffs' Fact No. 51 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 51.

52.     Plaintiffs' Fact No. 52 is not material to Defendants' Motion for Summary Judgment, but Defendants deny Fact No. 52.  The asserted fact mischaracterizes the cited testimony (see also Exhibit M, Counti deposition page 60, line 24 through 61, line 17).

53.     Defendants deny Plaintiffs' Fact No. 53. The asserted fact relies on speculation on the part of witness Counti about what Graebel employee Woodward knew and, accordingly, would not be admissible in evidence at trial (see Rule 56(c)(2)).

54. Defendants deny Plaintiffs' Fact No. 54. The fact asserted purports to be the opinion of witness Counti, an undisclosed expert, and would not be admissible in evidence at trial (see Rule 56(c)(2)).

55. Plaintiffs' Fact No. 55 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 55.

56. Defendants deny Plaintiffs' Fact No. 56. The asserted fact purports to be the opinion of an undisclosed expert and would not be admissible in evidence at trial (see Rule 56(c)(2)).

57. Defendants deny Plaintiffs' Fact No. 57. Witness Counti also testified that sellers agent Hall told her Sellers renovated the house (see Exhibit M, Counti deposition page 207, lines 9-20).

58. Plaintiffs' Fact No. 58 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 58.

59. Defendants admit Plaintiffs' Fact No. 59.

60. Defendants deny Plaintiffs' Fact No. 60. The asserted fact mischaracterizes Defendant Cahoon's cited testimony because he said he had not looked at the insurance claim recently and didn't remember what it was. Mr. Cahoon also testified that in addition to the insurance proceeds, Defendants spent approximately $150,000.00 for renovations to the house not related to the fire, smoke and water damage (see Exhibit N, Dan Cahoon deposition page 23, line 23 through page 24, line 9).

61. Defendants admit Plaintiffs' Fact No. 61.

62. Defendants deny Plaintiffs' Fact No. 62. The asserted fact misstates the witness's cited testimony because the witness testified that in addition to repairing damage from the fire,

water and smoke, the property was upgraded significantly after the fire (see response to Fact No. 60).

63.     Defendants admit Plaintiffs' Fact No. 63.

64.     Plaintiffs' Fact No. 64 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 64.

65.     Defendants admit Plaintiffs' Fact No. 65.

66.     Defendants admit Plaintiffs' Fact No. 66.

67.     Defendants admit Plaintiffs' Fact No. 67.

68.     Defendants deny Plaintiffs' Fact No. 68.  The asserted fact misstates Defendant Dan Cahoon's testimony. In the cited testimony, Mr. Cahoon stated that water entered the basement from outside the sliding glass door on only a few occasions.

69.     Defendants admit Plaintiffs' Fact No. 69.

70.     Defendants admit Plaintiffs' Fact No. 70.

71.     Defendants admit Plaintiffs' Fact No. 71.

72.     Defendants admit Plaintiffs' Fact No. 72.

73.     Defendants admit Plaintiffs' Fact No. 73.

74.     Defendants admit Plaintiffs' Fact No. 74.

75.     Defendants admit Plaintiffs' Fact No. 75.

76.     Defendants admit Plaintiffs' Fact No. 76.

77.     Defendants admit Plaintiffs' Fact No. 77.

78.     Defendants admit Plaintiffs' Fact No. 78.

79.     Defendants admit Plaintiffs' Fact No. 79.

80.     Defendants admit Plaintiffs' Fact No. 80.

81.     Plaintiffs' Fact No. 81 is not material to Defendants' Motion for Summary Judgment, but Defendants deny Fact No. 81. Plaintiff Scott Metsker testified that his notes regarding the chronology of water intrusion were made after the lawsuit was filed on March 10, 2015 (19 months after the house purchase), not contemporaneously with the events recorded (see Exhibit O, Scott Metsker deposition, page 358, line 23 through page 360, line 13; see also Exhibit P, Metsker notes (Metsker deposition exhibit CCC)).

82.     Plaintiffs' Fact No. 82 is not material to Defendants' Motion for Summary Judgment, but Defendants deny fact No. 82 (see response to Fact No. 81).

83.     Plaintiffs' Fact No. 83 is not material to Defendants' Motion for Summary Judgment, but Defendants deny Fact No. 83 (see response to Fact No. 81).

84.     Plaintiffs' Fact No. 84 is not material to Defendants' Motion for Summary Judgment, but Defendants admit Fact No. 84.

85.     Plaintiffs' Fact No. 85 is not material to Defendants' Motion for Summary Judgment, but Defendants deny Fact No. 85 (see response to Fact No. 81).

86.     Plaintiffs' Fact No. 86 is not material to Defendants' Motion for Summary Judgment, but Defendants deny Fact No. 86 (see response to Fact No. 81).

87.     Defendants deny Plaintiffs' Fact No. 87.  Mr. Metsker testified that he didn't see any mold when Plaintiffs moved into the house (Exhibit O, Scott Metsker deposition page 264, lines 2-9);  Plaintiffs admitted Defendants' Uncontroverted Material Fact No. 76 ("Plaintiff did not believe that mold existed in the home at the time that they moved in").

88.     Plaintiffs' Fact No. 88 is not material to Defendants' Motion for Summary Judgment, but Defendants deny Fact No. 88.  The asserted fact mischaracterizes the witness's

cited testimony. Mr. Metsker testified that he could not see mold "without taking things apart" or without "removing things".

89.     Defendants deny Plaintiffs' Fact No. 89.  The disclosures adequately revealed the extent of the fire, smoke and water damage and the resulting home renovation (see the disclosures which are Plaintiffs' Exhibits A and B, see also responses to Fact Nos. 3 and 4).

90.     Defendants deny Plaintiffs' Fact No. 90.  Plaintiff Scott Metsker testified that he "had no reason to investigate further" into the fire and that he knew from the disclosures that an insurance claim had been made) (see Exhibit O, Scott Metsker deposition page 148, line 13 through page 151, line 16).

91.     Defendants admit Plaintiffs' Fact No. 91.

92.     Defendants admit Plaintiffs' Fact No. 92.

93.     Defendants admit Plaintiffs' Fact No. 93.

94.     Defendants admit Plaintiffs' Fact No. 94.

95.     Defendants admit Plaintiffs' Fact No. 95.

96.     Plaintiffs' Fact No. 96 is not material to Defendants' Motion for Summary Judgment, but Defendants deny Fact No. 96.  Mr. Comer testified that the lab he used to test mold samples concluded that airborne mold was not elevated (see Exhibit Q, Comer deposition page 60, lines 10-13).

97.     Defendants deny Plaintiffs' Fact No. 97.  In the cited testimony, Mr. Comer does not discount that surface concrete installed by Plaintiffs after they purchased the property is causing a water problem and stated that all the concrete is at a higher elevation than he would like it to be. See also Mr. Comer's report at page 5, page 3 where he says "the grade at the rear yard area results in water accumulation along the foundation walls"  (Plaintiffs' Exhibit R).

13

98.    Defendants admit Plaintiffs' Fact No. 98.

99.    Defendants admit Plaintiffs' Fact No. 99.

## III.  ARGUMENT

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  As explained below, Plaintiffs have failed to controvert the material facts asserted by Defendants.  The uncontroverted material facts asserted by Defendants establish that disclosures regarding the condition of the house sold to Plaintiffs were true, thereby preventing Plaintiffs from establishing the requisite element of falsity, which is a necessary element to both counts of their Petition (fraud and negligent misrepresentation).

### A.  Plaintiffs Failed to Controvert Any of Defendants' Uncontroverted Material Facts.

Local Rule 56.1(a) provides that "[a]ll facts set forth in the statement of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the opposing party."  Rule 56(c)(1) sets out the procedure for controverting an asserted fact and provides in pertinent part as follows:

> A party asserting that a fact… is genuinely disputed must support the assertion by:
>
> (A)    citing to particular facts in the record . . . including affidavits . . . or other materials; or
>
> (B)    showing that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

In their Suggestions in Opposition, Plaintiffs have done neither.

14

In their response to Defendants' Statement of Uncontroverted Material Facts, Plaintiffs cite no supporting affidavits. They cite to the record in response to only one uncontroverted fact: Fact No. 71, which states that "Plaintiff Scott Metsker testified that he believed water was being forced from underneath the concrete slab directly outside the basement door laterally into the basement." In that single instance, Plaintiffs cite to Mr. Metsker's deposition for the proposition that although he testified as set out in Fact No. 71, he never actually observed where the water was coming from, which falls far short of controverting the undisputed fact, as required by the Rule.

Rule 56(e) provides the Court with four possible actions when a party opposing summary judgment fails to properly address any of movant's asserted facts as required by Rule 56(c):

    (1) give an opportunity to properly… address the fact;

    (2) consider the fact undisputed for purposes of the motion;

    (3) grant summary judgment if the motion and supporting materials – including the fact considered undisputed – show that movant is entitled to it; or

    (4) issue any other appropriate order.

Allowing Plaintiffs more time to properly address Defendants' uncontroverted material facts would serve no purpose, as discovery in this case is closed. The parties all undertook extensive discovery, including many depositions. Despite the extensive factual record that has been generated in this case, Plaintiffs not only failed to properly controvert Defendants' Statement of Uncontroverted Material Facts, they admitted all but three of those uncontroverted facts (Fact Nos. 66, 67, and 72). In those three instances, Plaintiffs made partial denials, but failed to support the denials as required by Rule 56(c). Accordingly, Defendants respectfully request that

the Court, pursuant to authority granted by Rule 56(e), consider all facts in Defendants' Statement of Facts to be uncontroverted.

### B. All of Defendants' Uncontroverted Material Facts are Admitted or Should be Deemed Admitted.

Defendants asserted 97 uncontroverted material facts, all of which are admitted by Plaintiffs or must be deemed as admitted pursuant to Rule 56.

Plaintiffs admitted 49 of Defendants' asserted facts without qualification. Plaintiffs' responses to the remaining facts read like responses to written discovery, not denials supported as required by Rule 56 and Local Rule 56.1. Although admitting 11 facts, Plaintiffs tacked on to those admissions a gratuitous "further response" or "further state", unsupported by the record or by affidavit as required by Rule 56(c). Accordingly, those 11 admissions must be deemed as unqualified. In response to 34 other facts, Plaintiffs admit that exhibits or cited deposition testimony are accurate, but state they are "otherwise without sufficient information or knowledge to admit or deny" the fact. That response is not countenanced by Rule 56 and does not constitute a permitted contravention of the asserted fact. It is incumbent upon Plaintiffs to either admit or controvert each of the facts asserted by Defendants and, if controverted, to support such contravention with references to the record or supporting affidavits as required by Rule 56(c). In the absence of proper (or, as in this case, any) support to controvert them, the 34 facts should be deemed admitted without qualification for purposes of summary judgment.

Finally, Plaintiffs make a partial denial of 3 facts (admit in part, deny in part). However, the partial denials are not supported by the record or by affidavits as required by Rule 56(c) and, accordingly, must be deemed admitted in full for purposes of summary judgment.

16

C. <u>Defendants Are Entitled to Judgment as a Matter of Law</u>

In their Motion for Summary Judgment, Defendants assert three grounds which entitle them to summary judgment: 1) the disclosures about which Plaintiffs complain were true, 2) Plaintiffs conducted their own investigation and, accordingly, are not entitled to rely on Defendants' disclosures, and 3) Plaintiffs contractually released Defendants from liability arising out of their disclosures to Graebel.

1. Plaintiffs Have Failed to Establish That Any
<u>Of Defendants' Disclosures Were False.</u>

In their Petition, Plaintiffs alleged that Defendants made false disclosures (or omissions) regarding seven house problems they alleged occurred after they purchased the property from Defendants. Of those seven alleged problems, Plaintiffs' suggestions in opposition to Defendants' Motion for Summary Judgment is silent as to three of those problems: alleged failure to pull building permits, alleged shifting slab, and alleged chimney problems. Accordingly, summary judgment should be granted as to any claim for damages arising from the disclosures regarding those three alleged house problems, which were not addressed by Plaintiffs' Suggestions in Opposition and therefore are unopposed for purposes of summary judgment.

With regards to the other four alleged house problems, Plaintiffs have failed to establish a dispute of material fact as to the truthfulness of Defendants' disclosures. Plaintiffs argue that they have compelling evidence with which to convince the jury that the disclosures were false. However, they have failed to assert such evidence in opposition to the Motion for Summary Judgment, and, accordingly, the Motion should be granted.

a.    <u>Fire.</u>

Plaintiffs acknowledge that the fire and related smoke and water damage was disclosed by Defendants, but argue that Defendants and Graebel failed to disclose the <u>extent</u> of the fire. However, as revealed in Defendants' uncontroverted facts (admitted by Plaintiffs), as well as in Defendants' response to Plaintiffs' purported additional facts the disclosures go well beyond merely checking a "box" as to the fire.  The disclosures reveal much more, including, but not limited to the following:  the insurance claim made for damages from the fire, smoke, and water; a roof repair as part of the renovation after the fire; HVAC replacement; conversions, additions, and remodeling in the 2009 renovation after the fire; newly installed electrical service after the fire; new appliances installed after the fire; and material damage from the fire.  In summary, Plaintiffs ignore the numerous disclosures which bear on the extent of the renovations after the fire  in a disingenuous attempt to argue misrepresentation by omission.  As Plaintiffs have failed to show a genuine dispute as to the facts surrounding Defendants' disclosures of the fire that occurred on the property, summary judgment must be granted in Defendants' favor.

b.    <u>Water and Mold.</u>

The Graebel disclosure form (Plaintiffs' Exhibit B) asks "are there any standing water, drainage, or flooding problems on the property?"  Defendants checked "no".  Defendants were not asked if there had ever been any water, drainage, or flooding problems.  Their answer to the question was truthful.  Likewise, the Missouri Disclosure Form (Plaintiffs' Exhibit A) asks "are you aware of any drainage or flooding problems on the Property" and "are you aware of any water leakage or dampness in the house . . . or basement?"  Defendants truthfully checked the "no" box in answer to those questions.

18

Plaintiffs have not asserted any facts to establish that Defendants' answers were anything but truthful. Plaintiffs attempt to assert facts (not in compliance with the rules, as discussed above) regarding water and mold issues they claimed to have experienced after purchasing the house. Even if believed, those facts are post-purchase problems and are not evidence of what Defendants experienced before selling the house and do not constitute evidence of the presence of active water infiltration or mold at the time of Defendants' disclosure. It is also important to know that the types of problems relating to water that Plaintiffs claim to be experiencing are different in character than what Defendants testified they had experiences with in the past, before addressing the problems and preventing them from reoccurring. Plaintiffs added large amounts of concrete to the property after they purchased the home. Finally, Plaintiffs admitted Defendants' Uncontroverted Material Fact No. 76 ("Plaintiff did not believe that mold existed in the home at the time they moved in").

As Plaintiffs have failed to show there is a genuine issue for trial with respect to the water and mold issues, summary judgment must be granted in Defendants' favor.

        c.      <u>Deck</u>.

Plaintiffs additionally allege that problems with the deck were not disclosed by Defendants. Defendant Dan Cahoon testified that Defendants had no problems with the deck when they owned the house nor were the Defendants aware of any problems with the deck. For their Opposition, Plaintiffs assert no facts to suggest otherwise, nor do Plaintiffs present facts that show that Defendants' disclosures (or lack thereof) regarding the deck were anything but truthful. As such, summary judgment must be granted with respect to these issues as well.

19

d.      Joists.

Defendant Dan Cahoon testified that Defendants were not aware of any structural problems with the joists supporting the main floor of the house. The Crown Inspection report obtained by Plaintiffs did not reveal any structural problems with the joists either, despite the fact that joists were visible in the unfinished parts of the basement. Plaintiffs have asserted no facts to suggest that Defendants' disclosures (or lack thereof) regarding structural issues with the joists were anything but truthful. Like the prior three issues, summary judgment must therefore be granted in Defendants' favor, as Plaintiffs have failed in their burden to present genuine disputes of fact.

## 2. Independent Investigation

Plaintiffs argue that they fall within two of the three exceptions to the general rule that "where a party makes his own independent investigation, he will be presumed to have been guided by what he learned in the conclusions he reached and will not be permitted to say that he relied on misrepresentations of another and that he was deceived thereby." *Colgan v. Washington Realty Co.,* 879 S.W.2nd 686, 690 (Mo. App. 1994). First, Plaintiffs argue that they were not on equal footing with Defendants regarding their ability to discover facts regarding the matters disclosed. However, that ignores the facts that 1) Defendants made their disclosures to Graebel, not Plaintiffs, and 2) Graebel in turn made the disclosures to Plaintiffs. In that sense, Plaintiffs and Graebel were on equal footing because neither of them had lived in the house. Additionally, as discussed in Defendants' Suggestions in Support of their Motion for Summary Judgment, Plaintiffs visited the house on numerous occasions prior to purchasing it and took advantage of their opportunity to have thorough inspections of the house conducted.

Accordingly, the "unequal footing" exception does not help Plaintiffs under the circumstances of this case.

The other exception is where Sellers make a distinct and specific representation. However, as noted elsewhere in this Reply, Plaintiffs allege that Defendants misrepresented house problems by omission as to the extent to the fire and the occurrence of water infiltration and mold in the house while Defendants owned it. Accordingly, that exception also does not apply.

>   3.   Contractual Release.

The contractual release of liability for damages arising from the disclosures, as contained in the real estate purchase contract between Graebel and Plaintiffs, applies to Defendants. It is necessary to understand the context of the transaction: Defendants sold their house to Graebel, which provided relocation services to Defendant Dan Cahoon's employer H&R Block; Defendants made the disclosures about which Plaintiffs complain to Graebel (Plaintiffs acknowledge at page 28 of their Suggestions in Opposition that "there was obviously no relationship of trust between Cahoons and Metskers"); and Graebel sold the house to Plaintiffs, utilizing the services of seller's agent Hall, who Plaintiffs acknowledge worked for Graebel. It was part of the sale of the house by Graebel to Plaintiffs that disclosures were made to Plaintiffs. The release contained in the Graebel Rider, signed by the Metskers, confirms the lack of privity between Plaintiffs and Defendants. It clearly states that Plaintiffs release claims arising from "all disclosures made to Graebel by Former Owner of the Property."

Under the circumstances of this case, Defendants made no disclosures directly to Plaintiffs. Plaintiffs released Graebel from claims arising from the disclosures that Defendants

made to Graebel. Assuming the release absolves Graebel of liability, it must apply equally to Defendants Daniel and Nicole Cahoon.

IV. <u>CONCLUSION</u>

Summary Judgment should be entered in this case as there are no material facts in dispute. Plaintiffs have failed to meet their burden to establish the requisite element of false statements to support their claims of fraud and misrepresentation; Plaintiffs own inspection of the property negates their reliance on Defendants' alleged misrepresentations; and Plaintiffs contractually released all of their claims arising from the disclosures made by Defendants to Graebel. Accordingly, Defendants Dan and Nicole Cahoon respectfully request that this Court grant their Motion for Summary Judgment in its entirety, and dismiss Counts I and II of Plaintiff's Petition with prejudice.

Respectfully submitted,

HUMPHREY, FARRINGTON & McCLAIN, P.C.

/s/ Joseph S. Gall
Joseph S. Gall          (MO #33959)
W. Benjamin Kasey      (MO #53170)
Nichelle L. Closson     (MO #65839)
221 West Lexington, Suite 400
P.O. Box 900
Independence, Missouri  64051
Telephone:  (816) 836-5050
Facsimile:  (816) 836-8966
jsg@hfmlegal.com
wbk@hfmlegal.com
ATTORNEYS FOR DEFENDANTS
DANIEL R. AND
NICHOLE H. CAHOON

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2016, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will serve all counsel of record.

/s/ Joseph S. Gall
Joseph S. Gall
ATTORNEY FOR DEFENDANTS
DANIEL R. CAHOON AND
NICHOLE H. CAHOON

23