IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| M. SCOTT METZKER and <br> VICTORIA R. METZKER, <br>    Plaintiffs, <br><br> vs. <br><br> DANIEL R. CAHOON, <br> NICHOLE H. CAHOON, and <br> GRAEBEL RELOCATION SERVICES <br> WORLDWIDE, INC., <br>    Defendants. | Case No. 4:15-CV-00286-FJG |

### DEFENDANTS DANIEL AND NICOLE CAHOON'S MOTION TO STRIKE PLAINTIFFS' SUPPLEMENTAL SUGGESTIONS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**COME NOW** Defendants Daniel and Nicole Cahoon ("Defendants"), and move to strike the Supplemental Suggestions in Opposition to Defendants' Motion for Summary Judgment ("Supplemental Suggestions") filed by Plaintiffs M. Scott and Victoria R. Metsker ("Plaintiffs"). As grounds for their Motion to Strike, Defendants state that the Supplemental Suggestions are untimely and not contemplated or allowed by the Federal Rules of Civil Procedure or the Local Rules of the Western District.

Suggestions in Support of Defendants' Motion to Strike are set out below.

### SUGGESTIONS IN SUPPORT

In support of their Motion to Strike, Defendants state as follows:

1. Western District Local Rules allow the following briefs to be filed with regard to motions for summary judgment: 1) suggestions in support (Local Rule 56.1(a)); 2) suggestions in opposition (Local Rule 56.1(b)); and 3) reply suggestions (Local Rule 56.1(c)). The Rules do not contemplate any further briefing.

2. Defendants filed their Motion for Summary Judgment and Suggestions in Support on March 15, 2016.

3. Plaintiffs filed their Suggestions in Opposition on April 28, 2016, after having been granted an extension of time.

4. Defendants filed their Reply to Plaintiff's Suggestions in Opposition ("Reply") on May 26, 2016, after having been granted an extension of time. Accordingly, Defendants' Motion for Summary Judgment was fully briefed and ready to be ruled by this Court on and after May 26, 2016.

5. On June 20, 2016, twenty-five (25) calendar days after Defendants' Reply was filed, Plaintiffs filed their Supplemental Suggestions. By their own admission, Plaintiffs filed the unauthorized brief in an attempt to correct the numerous procedural problems with their Suggestions in Opposition pointed out by Defendants in their Reply (see Preliminary Statement on page 1 of the Supplemental Suggestions).

6. Defendants acknowledge that this Court has discretion to allow the filing of a sur-reply in opposition to a motion for summary judgment, if warranted. However, Defendants respectfully suggest that the party seeking to file a sur-reply must seek leave of court to do so, thereby giving the opposing party an opportunity to object. Plaintiffs did not seek leave of court to file their Supplemental Suggestions. Further, the Supplemental Suggestions filed without leave of court cannot reasonably be characterized as a sur-reply, as Defendants' Reply did not assert new material facts or new legal arguments such that a sur-reply would have been warranted, even if leave to file one had been requested and granted.

7. There is also a question of timeliness. Local Rule 56.1 allows twenty-one (21) days within which to file suggestions in opposition and fourteen (14) days to file reply

suggestions. Aside from Plaintiffs' failure to seek leave of court to file their Supplemental Suggestions, Defendants respectfully suggest that an appropriate time within which Plaintiffs could have filed a sur-reply would be something less than the twenty-five (25) days they took to file their Supplemental Suggestions.

8. Defendants would be prejudiced should Plaintiffs' Supplemental Suggestions not be stricken. One example of such prejudice is Plaintiffs' attempt to introduce a new exhibit with their Supplemental Suggestions without any authority for Defendants to respond. Just as the rules do not contemplate or allow a sur-reply, let alone the Supplemental Suggestions filed by Plaintiffs, they do not contemplate or allow for Defendants to file a sur-surreply.

9. This Court has established its own precedent for striking Plaintiffs' Supplemental Suggestions. In this Court's Order in *Hodges v. Cottage Hill Apartments*, Case No. 05-5060-CV-SW-FJG (2007 WL 120586), this Court granted that defendant's motion to strike plaintiffs' "Response to Reply Suggestions", on grounds that a sur-reply is not contemplated or allowed by the rules. This Court further noted that "the information presented in plaintiffs' sur-reply is not helpful to the Court ...." (see page 1 of the Order). Defendants herein respectfully suggest that Plaintiffs' Supplemental Suggestions would likewise not be helpful to the Court in ruling on Defendants' Motion for Summary Judgment, as said Supplemental Suggestions amount to nothing more than a rehash of Plaintiffs' previously filed Suggestions in Oppositions, a failed attempt to correct the many procedural problems in their Suggestions in Opposition.

## CONCLUSION

WHEREFORE, Defendants Daniel and Nicole Cahoon respectfully request that Plaintiffs' Supplemental Suggestions in Opposition to Defendants' Motion for Summary

3

Judgment be stricken and not considered by this Court when ruling on Defendants' Motion for Summary Judgment.

Respectfully submitted,

HUMPHREY, FARRINGTON & McCLAIN, P.C.

/s/
Joseph S. Gall         (MO #33959)
W. Benjamin Kasey      (MO #53170)
Nichelle L. Closson    (MO #65839)
221 West Lexington, Suite 400
P.O. Box 900
Independence, Missouri 64051
Telephone: (816) 836-5050
Facsimile: (816) 836-8966
jsg@hfmlegal.com
wbk@hfmlegal.com
nlc@hfmlegal.com
ATTORNEYS FOR DEFENDANTS
DANIEL R. AND
NICHOLE H. CAHOON

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2016, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will serve all counsel of record.

/s/
Joseph S. Gall
ATTORNEY FOR DEFENDANTS
DANIEL R. CAHOON AND
NICHOLE H. CAHOON
